## HANDRICKS *v.* HANDRICKS.

1. DIVORCE—REHEARING—ATTORNEY AND CLIENT.

   Claim that rehearing in suit for divorce should have been granted plaintiff wife because attorney, now deceased, who represented her, did not properly present her case *held*, without merit, where no specific instance of failure to object to testimony resulting in prejudice to plaintiff is indicated and trial judge stated that the attorney had presented his case well and in his usual manner.

2. SAME—DIVISION OF PROPERTY—CASH—EVIDENCE.

   Disallowance of plaintiff wife's claim for $3,000 in suit for divorce, which she claimed was cash that had been put in a safe by her first husband, now deceased, *held*, not shown to have been error under record presented, where it is a matter of credibility to be accorded witnesses observed by the trial court and it is not shown the money was not used in the business in which plaintiff and her second husband, the defendant, were engaged.

3. SAME—DIVISION OF PROPERTY—REMODELING OF TAVERN—EVIDENCE.

   Plaintiff wife's claim in suit for divorce that allowance to her of $2,000 as a credit, representing her original investment in tavern which she and her first husband had operated and which she was running when she married defendant, was too low in view of the fact that she had remodeled the building in which the business was conducted and she had acquired new furniture and equipment, *held*, not subject to disturbance under record showing allowance made was based upon the only definite and tangible proof that was introduced.

4. SAME—DIVISION OF PROPERTY—VALUE OF TAVERN BUSINESS.

   Finding of trial court that tavern business which had been operated by parties to suit for divorce had a value of $12,000 *held*, not subject to modification under record presented.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 503.
[2–5] 17A Am Jur, Divorce and Separation §§ 924, 931.

5. SAME—DIVISION OF PROPERTY—EQUITY—RECORD.
   Division of property interests made in suit for divorce *held*, not inequitable under record presented.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 6, 1958. (Docket No. 42, Calendar No. 47,205.) Decided September 9, 1958. Rehearing denied October 13, 1958.

Bill by Catherine Handricks against John Handricks for divorce. Decree for plaintiff contained property settlement which was not satisfactory to her. Petition for rehearing denied. Plaintiff appeals. Affirmed.

*Alfonso A. Magnotta* and *Joseph V. Wilcox*, for plaintiff.

*Noble O. Moore*, for defendant.

CARR, J. The parties to this case were married in July, 1948, and separated on or about June 14, 1955. Suit for divorce was instituted by plaintiff on October 11th of the latter year. In her bill of complaint she charged defendant with extreme and repeated cruelty consisting of physical violence and attempts to compel plaintiff to place property that she had owned at the time of the marriage in the joint names of herself and defendant.

At the time of the marriage plaintiff was a widow, her first husband being Michael Tomchak, who died March 12, 1947. Plaintiff had 3 children by the first marriage. The bill of complaint averred that she and her first husband had worked together for years, had constructed a building, and had established therein a meat market and a place for the sale of beer and wine. At the time of the death of Mr. Tomchak the parties held a tavern beer license, had accumulated some property, and were carrying

on a profitable business in the city of Albion. Following the death of the husband plaintiff converted the entire establishment into a beer tavern, discontinuing the operation of a grocery store and meat market previously operated. As administratrix of the estate plaintiff was permitted to continue operation of the tavern under the license previously granted. In the probate proceedings she was assigned the tavern business together with the equipment and stock of merchandise. Defendant was employed by her on a part-time basis, and following the marriage the license was transferred to the parties jointly. Thereafter they continued to carry on the business, apparently on a profitable basis, until the separation, following which defendant assumed charge of the operation.

On the trial in circuit court the proofs introduced by the respective parties related, in the main, to property matters. Plaintiff's right to a decree of divorce was not contested. After listening to the testimony and the arguments of counsel, the trial judge, on July 10, 1956, filed a written opinion setting forth his findings as to the respective property interests of the parties. He found that plaintiff at the time of her marriage to defendant was possessed of certain property, including bank deposits, a postal savings certificate, government bonds, a house and lot, and a 1/3 interest in the property wherein the tavern business was conducted, the remaining interests therein being vested in her children. Accordingly there was set over to her bank accounts in the sum of $9,076.45, a postal savings certificate for $2,500, government bonds aggregating in value $20,528, real estate that was her separate property, the household furniture owned by her at the time of her marriage to defendant, the sum of $3,627.35 received by her from rents and from interest, and the further sum of $2,000 which the trial judge con-

cluded was the amount of her investment in the tavern. It was further found that defendant had invested in the business the sum of $1,500, and was, in consequence, entitled to the allowance thereof.

The value of property assets acquired during marriage, in which each of the parties had an interest and which the trial judge determined should be divided equally after allowance of the credits above mentioned, was found to be $30,442.60. Based on such finding, defendant was held to be entitled to 1/2 of said sum which, in addition to the amount that he had invested in the business, amounted to $16,721.30. A decree was entered in accordance with the findings, adjudging that on the payment of said amount by plaintiff to defendant the interest of the latter in the property of the parties should be terminated and plaintiff vested with full and complete title thereto. The divorce was granted to plaintiff on the grounds alleged in her bill of complaint.

Following the entering of the decree counsel representing plaintiff filed a petition for rehearing, claiming that the trial judge was in error in certain specific findings with reference to property matters, and contending further that the attorney who represented plaintiff in the trial of the divorce action was ill at the time and incapable of properly conducting the case on behalf of his client. The petition was denied and plaintiff has appealed, asking, in the alternative, that this Court modify the decree of the trial court in accordance with plaintiff's claims, or that the cause be remanded for a rehearing. The appeal presents substantially the same questions as were raised by counsel for plaintiff in her petition for a rehearing, and which the trial judge found to be without merit.

The attorney who started the divorce action for plaintiff and tried the case in her behalf had repre-

sented her in the probate proceedings involving the estate of Michael Tomchak. He had been engaged in practice in Calhoun county for many years. It is conceded that he was not in good health at the time of the trial. It is quite possible that his physical condition was due, in part, to his age. The trial was held in May, 1956, and the attorney passed away the following November. In commenting on plaintiff's petition for a rehearing the circuit judge stated that the attorney had presented his case well and in his usual manner.

Our examination of the record brings us to the conclusion that the claim now made on behalf of plaintiff that her attorney on the trial did not properly present her case is without merit. It is said that objections to testimony were not made when such action might have been proper, but our attention is not directed by counsel to any specific instances along this line. It is not apparent that the failure to interpose an objection to testimony that may have been open thereto resulted in prejudice to plaintiff's cause. We find no factual basis for the claim that a rehearing should be granted on the ground that plaintiff's attorney, due to his physical condition, did not properly represent her on the trial.

It is the claim of the plaintiff that the trial judge erred in not allowing plaintiff credit for the sum of $3,000 which she claims had been placed by her first husband in a safe in the tavern. With reference to this item plaintiff's daughter testified that her father, Michael Tomchak, had given her the combination of the safe and had indicated that "in case of emergencies, there were things in the safe we could get and that would pull us through." No claim is made that any specific reference was made to money in the safe. It appears from the testimony of the witness that bonds, insurance policies, and perhaps other valuable property or papers were

kept in the safe. Whether Michael Tomchak was referring to securities that the parties had acquired or to cash is in doubt. The witness stated that defendant asked her for the combination to the safe, that she gave it to him, and that she then informed plaintiff of what she had done. Thereupon, as it is claimed, plaintiff went to the safe and, underneath a carpet on the bottom thereof, found money. Her testimony indicates that her daughter told her that there was $3,000. However, the testimony of the daughter is not consistent therewith, the latter stating that she did not count the money, that she saw a $500-dollar bill and a number of other bills.

The trial judge rejected the testimony with reference to plaintiff's claim of finding $3,000 in the safe, and disallowed the item as a credit to her. Under the record we cannot say that he was in error. The issue involved the credibility of the witnesses, and the circuit judge had an opportunity to see them and hear them as they appeared on the witness stand. It does not appear that any examination of the safe was made in connection with the probate proceedings for the purpose of discovering what assets of the estate of Michael Tomchak might be contained therein. Neither is there any satisfactory basis in the record to support a finding that if the money was found in the safe, as claimed on behalf of plaintiff, it was used in the tavern business or otherwise than for plaintiff's sole benefit.

As before noted, the decree of the trial court allowed plaintiff the sum of $2,000 as a credit representing her original investment in the tavern. The finding in this regard was based on the inventory filed by plaintiff as administratrix of the estate of Michael Tomchak, which listed the fixtures and stock in trade at the time at $2,000. Apparently the business as such was not valued at all. It was, however, assigned to plaintiff by the probate judge with

the stock in trade, furniture and fixtures, such assignment being "in lieu of all claims and demands in or upon the personal estate." It was plaintiff's claim on the trial that prior to her marriage to defendant she had remodeled the building in which the business was being conducted, had acquired new furniture and other equipment, and that in view of the testimony in this respect the valuation of her interest in the tavern business and equipment was too low. Obviously the furniture in the tavern and other personalty therein cannot be valued on the basis of the total cost incurred by plaintiff in remodeling the building and replacing some equipment. The amount expended for the latter purpose was not established on the trial. On the record before us it appears that the trial judge relied on the only definite and tangible proof that was introduced. We cannot find satisfactory evidence on which to base a finding that a different valuation should have been fixed.

Complaint is also made that the trial judge was in error in fixing the value of the tavern business and equipment at the time of the divorce proceedings at the sum of $12,000. A real-estate broker of the city of Albion, familiar with property values therein, was produced as a witness on behalf of defendant, testifying to his familiarity with the tavern in question, and giving his opinion as to its value, which he placed at $12,000. It is urged on behalf of plaintiff that the testimony was based on a belief on the part of the witness that the net profit of the tavern was approximately $8,000 per year. It is claimed that this was not correct and that, in fact, the profit for the year 1955 was $6,529.83, and that, on the basis suggested by the witness that the value for purposes of sale would ordinarily be fixed at 1-1/2 times the annual net profit, the valuation should have been determined a lesser amount than as stated in the

opinion of the trial judge. However, the witness further indicated that in fixing the valuation he took into consideration the fact that a tavern located on the same street as the establishment here in question, and within a short distance, had sold for $13,000, and that he did not consider there was any material difference between said taverns. It further appears that he took into account the license and the personal property in the tavern in fixing the valuation indicated. It may not be said, in consequence, that the testimony of the real-estate broker rested wholly on any formula. No other proofs were introduced to fix the valuation of the tavern as of the time of the trial. There is no basis for a modification of the decree with respect to this item.

On behalf of appellant other claims of error in the findings of the trial judge are presented. In each instance it appears that the judge reached his conclusion on the basis of proofs before him. We find no abuse of discretion in the division of the property interests of the parties to the cause. On the record in the case, the decree entered was not inequitable.

Affirmed, with costs to defendant.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.